IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| PRS INSURANCE GROUP, et al., ) | |
| ) | Case No. 00-4070-MFW |
| Debtors. ) | |
| _____ ) | |
| SEAN C. LOGAN, et al., ) | |
| ) | |
| Appellants, ) | |
| ) | |
| v. ) | Civ. No. 04-318-SLR |
| ) | Adversary No. 03-50409 |
| CREDIT GENERAL INSURANCE ) | |
| COMPANY, CREDIT GENERAL ) | |
| INDEMNITY COMPANY, and U.S. ) | |
| BANK NATIONAL ASSOCIATION, ) | |
| f/k/a FIRSTAR BANK, NATIONAL ) | |
| ASSOCIATION, ) | |
| ) | |
| Appellees. ) | |
| _____ ) | |
| SEAN C. LOGAN, et al., ) | |
| ) | |
| Appellants, ) | |
| ) | |
| v. ) | Civ. No. 04-319-SLR |
| ) | Adversary No. 03-50408 |
| CREDIT GENERAL INSURANCE ) | |
| COMPANY and CREDIT GENERAL ) | |
| INDEMNITY COMPANY, ) | |
| ) | |
| Appellees. ) | |

O R D E R

At Wilmington this 31st day of March, 2005, having reviewed the appeals filed by Sean C. Logan, et al. ("the Trustee"), and the papers filed in connection therewith;

IT IS ORDERED that the Trustee's appeal in adversary proceeding 03-50408 is denied.  The Trustee's appeal in adversary proceeding 03-50409 is denied as to defendants/appellees Credit General Insurance Company and Credit General Indemnity Company (collectively "CGIC") and granted as to defendant/appellee U.S. Bank National Association ("U.S. Bank").  The decision of the bankruptcy court dated June 11, 2003 is affirmed,[1] for the reasons that follow.

1.  **Standard of review.**  This court has jurisdiction to hear an appeal from the bankruptcy court pursuant to 28 U.S.C. § 158(a).  In undertaking a review of the issues on appeal, the court applies a clearly erroneous standard to the bankruptcy court's findings of fact and a plenary standard to that court's legal conclusions.  See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999).  With mixed questions of law and fact, the court must accept the bankruptcy court's "finding of historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the [bankruptcy] court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'"  Mellon

---

[1] The bankruptcy court's June 11, 2003 decision does not address defendant U.S. Bank in adversary proceeding 03-50409.  Therefore, because the decision relates only to CGIC and not to U.S. Bank, adversary proceeding 03-50409 is dismissed only as to CGIC, and is remanded to the bankruptcy court for further proceedings as to U.S. Bank.

Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 642 (3d Cir. 1991) (citing Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101-02 (3d Cir. 1981)). The district court's appellate responsibilities are further informed by the directive of the United States Court of Appeals for the Third Circuit, which effectively reviews on a de novo basis bankruptcy court opinions. In re Hechinger, 298 F.3d 219, 224 (3d Cir. 2002); In re Telegroup, 281 F.3d 133, 136 (3d Cir. 2002).

2. **Question presented.** Did the bankruptcy court err when it dismissed the above referenced adversary proceedings on the ground that it lacked subject matter jurisdiction by virtue of the McCarran-Ferguson Act, 15 U.S.C. § 1012?[2]

3. **Background facts.** PRS Insurance Group, Inc. ("PRS") is a holding company which owns various companies engaged in the business of writing insurance and reinsurance policies and providing related services. PRS had multiple subsidiaries, including CGIC. In June 2000, CGIC was placed under state

---

[2]The McCarran-Ferguson Act provides in relevant part that

> [n]o Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance, or which imposes a fee or tax upon such business, unless such Act specifically relates to the business of insurance.

15 U.S.C. § 1012(b).

supervision by the Court of Common Please, Franklin County, Ohio ("the Ohio Court"), based on an investigation conducted by the Ohio Department of Insurance ("ODI"). The ODI alleged that CGIC's assets had been transferred and commingled with other PRS entities. Under the auspices of the Ohio Court, those assets were transferred back to CGIC from various PRS entities.

4. According to the Trustee, the transfers left PRS with few assets to cover its many liabilities. As a consequence, on October 31, 2000, PRS' creditors filed an involuntary petition under chapter 7 of the bankruptcy code against PRS in Delaware's bankruptcy court.

5. While the involuntary petition was pending in the bankruptcy court, the ODI filed a petition with the Ohio Court to place CGIC into statutory rehabilitation, which became a liquidation on January 5, 2001 pursuant to Ohio Revised Code §§ 3901 et seq. ("the Ohio Liquidation Act"). Through the liquidation proceedings, the superintendent of the ODI, as liquidator of CGIC, took control of and was vested with title to all CGIC assets and all persons were enjoined from: (1) instituting or continuing to prosecute any civil action or claim against CGIC or the liquidator; (2) in any way interfering with the possession, control, title, rights and interests of the liquidator; or (3) taking any action which tends to give rise to a waste of assets, a preference, judgment, attachment, lien or

the making of a levy against CGIC or its property or assets subject to the possession or control of the liquidator.

6. On January 19, 2001, PRS agreed to the entry of an order for relief in the pending involuntary bankruptcy case and converted the involuntary chapter 7 case to a voluntary chapter 11 case and appellant was appointed trustee ("the Trustee").[3]

7. On January 31, 2002, the Trustee filed a proof of claim in the CGIC liquidation, seeking a return of the assets transferred during Supervision. On April 30, 2002, CGIC filed a proof of claim against PRS in the pending bankruptcy proceeding for more than $45 million. On January 22, 2003, the Trustee filed his objection to the claim and filed as well the above referenced adversary proceedings. As explained by the Trustee, adversary proceeding 03-50408 was filed against CGIC "to establish defenses to Credit General's claim under Bankruptcy Code §§ 502(d) and 510(c)." Adversary proceeding 03-50409 was filed against CGIC and U.S. Bank "to establish defenses to Credit General's claim under Bankruptcy Code §§ 502(d) and 510(c), **and** to obtain relief against U.S. Bank." On February 21, 2003, the liquidator filed motions to dismiss the Trustee's two adversary proceedings against CGIC on the grounds of reverse preemption pursuant to the McCarran-Ferguson Act. These motions were

---

[3]On June 8, 2001, eleven of PRS's subsidiaries filed voluntary chapter 11 bankruptcy petitions.

granted by the bankruptcy court and the above captioned appeals followed.

8. **Analysis.** I agree with the Trustee that nothing in the McCarran-Ferguson Act or in Ohio's Liquidation Act precludes the Trustee from asserting defenses in the bankruptcy proceeding pursuant to 11 U.S.C. §§ 502(d) and 510(c) to the claim filed by the liquidator. Indeed, if this were not the case, a liquidator would have carte blanche access to the assets of a bankrupt's estate. The problem I have with the Trustee's position is that the complaints he filed in the adversary proceedings are not simply defensive, but seek affirmative relief as well. Without a good faith indication (e.g., filing an amended complaint) that he seeks only to defend against CGIC's claim and not to seek affirmative monetary recovery against the liquidator, I cannot find error in the bankruptcy court's determination that the adversary proceedings "impair" the Ohio Liquidation Act and is reverse preempted by the McCarran-Ferguson Act. Therefore, adversary proceeding 03-50408 is dismissed in its entirety, and adversary proceeding 03-50409 is dismissed as to CGIC and otherwise remanded to the bankruptcy court for further proceedings as to U.S. Bank.

                                                  _____
                                                  United States District Judge